UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| RUGGIERLO, VELARDO, BURKE, REIZEN & FOX, P.C.,<br>Plaintiff,<br><br>v.<br><br>KENNETH A. LANCASTER,<br>Defendant. | Case No. 22-12010<br>Honorable Shalina D. Kumar<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S MOTION TO STRIKE (ECF NO. 12); DENYING DEFENDANT'S MOTION TO STRIKE (ECF NO. 17); OVERRULING DEFENDANT'S OBJECTIONS (ECF NO. 15); ADOPTING REPORT AND RECOMMENDATION (ECF NO. 14); DENYING PLAINTIFF'S MOTION FOR SANCTIONS (ECF NO. 19); GRANTING PLAINTIFF'S MOTION FOR REMAND (ECF NO. 7); DENYING DEFENDANT'S MOTIONS TO TRANSFER VENUE (ECF NO. 4) AND TO DISMISS (ECF NO. 6)**

**I.   Introduction**

Plaintiff Ruggirello, Velardo, Burke, Reizen & Fox, P.C. (Ruggirello)[1] sued pro se defendant Kenneth A. Lancaster in Macomb County Circuit Court, alleging that Lancaster failed to pay his legal bills totaling $58,632.01. ECF No. 1. Lancaster removed the case to this Court (ECF

---

[1] Although Lancaster misnamed plaintiff as "Ruggierlo" in his notice of removal, plaintiff's complaint provides its correct name: Ruggirello. *See* ECF No. 1, PageID.1, 9.

No. 1), and under 28 U.S.C. § 636(b), the Court referred all pretrial matters in the case to the magistrate judge. ECF No. 9.

Lancaster moves to transfer venue (ECF No. 4) and to dismiss the complaint (ECF No. 6). Ruggirello moves to remand the case, arguing that this Court lacks subject matter jurisdiction over the case.[2] ECF No. 7.

On January 31, 2023, the magistrate judge issued a Report and Recommendation (R&R). ECF No. 14. The R&R recommends that the Court grant Ruggirello's motion to remand and deny Lancaster's motions to transfer and to dismiss. *Id.* On February 15, 2023, Lancaster filed objections to the R&R. ECF No. 15. Ruggirello responded.[3] ECF No. 16.

---

[2] Ruggirello also moves to strike Lancaster's memoranda in support of his motions to transfer and dismiss, arguing that those memoranda present violations of the Court's local rules and practice guidelines. ECF No. 12. Because the magistrate judge issued a Report and Recommendation that recommends denying Lancaster's motions to transfer and dismiss and because the Court does so in this Order, Ruggirello's motion to strike the memoranda for those motions is denied as moot.

[3] Federal Rule of Civil Procedure 72(b)(2) allows a non-objecting party— here Ruggirello—to respond to a party's objections. Even so, Lancaster filed a motion to strike Ruggirello's response under Federal Rule of Civil Procedure 12(f). ECF No. 17. The Court need not hold a hearing to resolve the motion. *See* E.D. Mich. LR 7.1(f)(2). Lancaster's motion fails because Rule 12(f) does not apply to response briefs. *See* Fed. R. Civ. P. 12(f) (applying only to "pleadings"); Fed. R. Civ. P. 7(a) (specifically defining "pleadings" without reference to response briefs); *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 375 (6th Cir. 2006). Accordingly, the Court denies the motion.

Ruggirello later filed a motion for sanctions. ECF No. 19. The Court finds the motion appropriate for determination without a hearing. *See* E.D. Mich. LR 7.1(f)(2). Because the Court remands the case for the reasons below, the Court addresses Ruggirello's motion for sanctions as a final matter within this order.

## II.   Standard of Review

When a party files objections to an R&R on a dispositive matter, the Court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court, however, "is not required to articulate all of the reasons it rejects a party's objections." *Thomas v. Halter,* 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted). A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the R&R releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985). Absent "compelling reasons," arguments or issues that were not presented to the magistrate may not be presented in objections to the

R&R. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (citing *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998)).

> Moreover, objections must be clear so that the district court can discern those issues that are dispositive and contentious. In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. And, when objections are merely perfunctory responses rehashing the same arguments set forth in the original petition, reviewing courts should review a Report and Recommendation for clear error.
>
> *Carroll v. Lamour*, 2021 WL 1207359, at *2 (E.D. Mich. Mar. 31, 2021) (cleaned up).

### III. Analysis

At the outset, Ruggirello argues that Lancaster's objections are untimely. The R&R gave notice to Lancaster that within fourteen (14) days after being served with the R&R, he must file objections or else waive further appeal. ECF No. 14, PageID.226. The R&R was served on January 31, 2023, making Lancaster's deadline to object February 14, 2023. Lancaster filed objections on February 15, 2023—one day late. Under certain circumstances, the Court may permit late filings "on motion made after the time has expired." Fed. R. Civ. P. 6(b)(1)(B). Here, Lancaster filed no proper motion but requests in a separate motion to strike that the Court consider his objections. ECF No. 17. Even if that request saves Lancaster's

untimely objections from waiver, the Court overrules his objections for the following reasons.

Lancaster brings four objections to the R&R. The Court first considers his third objection,[4] the most compelling one, before addressing the remaining ones in turn.

In his third objection, Lancaster implicitly challenges the R&R's conclusion that Ruggirello's requested exemplary damages cannot contribute to the amount in controversy (AIC) needed to establish diversity jurisdiction. Lancaster first argues that Ruggirello may recover exemplary damages under M.C.L. 600.2911, a defamation statute. But the crux of Ruggirello's complaint is that Lancaster failed to pay Ruggirello an outstanding balance for legal services Ruggirello provided to Lancaster. *See* ECF No. 1. Ruggirello's claims include account stated, breach of contract, and fraudulent misrepresentation, but they do not include defamation. *Id.* So, exemplary damages are not available under M.C.L. 600.2911.

---

[4] Despite making four objections, Lancaster identifies his third and fourth objections as "Objection 2" and "Objection 3." ECF No. 15. For clarity, the Court ignores the numerals that Lancaster assigned to his objections and instead refers to his objections with ordinals.

Page **5** of **9**

Lancaster next argues that Ruggirello may recover exemplary damages for its fraudulent misrepresentation claim. However, Lancaster cites purported Sixth Circuit authority which, as Ruggirello notes in its response, does not exist. *See* ECF No. 15, PageID.244.[5] Without more, Lancaster's objection amounts to mere conclusions insufficient to carry his "burden of demonstrating federal jurisdiction." *Harnden v. Jayco, Inc.*, 496 F.3d 579, 581 (6th Cir. 2007). Accordingly, the Court overrules his third objection.

In his first objection, Lancaster maintains that a damages award for Ruggirello's fraudulent misrepresentation claim and a treble damages

---

[5] Lancaster cites "*Bazzi v. Sentinel Ins. Co.*, 961 F.3d 734 (6th Cir. 2020)," which appears to be a mutant citation blending the case name of an existing Michigan state court case (*Bazzi v. Sentinel Ins. Co.*, 919 N.W.2d 20 (Mich. 2018)) with the reporter citation to an existing Fifth Circuit case (*Hewlett-Packard Co. v. Quanta Storage, Inc.*, 961 F.3d 731, 734 (5th Cir. 2020)). ECF No. 15, PageID.244. Lancaster similarly cites two other cases which do not exist; as a result, the majority of the cases cited in his objections are nonexistent. *See id.* at PageID.242, 244 (citing "*Maldonado v. Ford Motor Co.*, 720 F.3d 760 (5th Cir. 2013)" and "*Malliaras & Poulos, P.C. v. City of Center Line*, 788 F.3d 876 (6th Cir. 2015)"). These and other fabrications within Lancaster's objections may be from Lancaster's imagination, a generative artificial intelligence tool's hallucination, both, or something else entirely. The Court need not speculate. At bottom, Lancaster wasted the Court's and plaintiff's time and resources, as well as his chance to bring legitimate objections. Although he is pro se, the Court warns Lancaster that conduct such as citing made-up law may result in significant sanctions imposed by either this Court, or upon remand, another court observing the same conduct.

award under M.C.L. 600.2919a, a property theft law, sufficiently add to the AIC to establish diversity jurisdiction. Lancaster does not identify to what conclusion of the R&R he objects, and it is not clear whether his objection challenges any of the R&R's particular conclusions, so the Court need not review these issues. See Thomas, 474 U.S. at 149. Accordingly, the Court overrules Lancaster's first objection.

In his second and fourth objections, Lancaster similarly maintains that Ruggirello's request for "any other relief" and the "distinct possibility" that that request includes consequential damages, respectively, pushes the AIC past that required to establish diversity jurisdiction. ECF No. 15, PageID.242, 244. However, as Ruggirello argues, Lancaster waived these issues because he did not present them to the magistrate judge. See Murr, 200 F.3d at 902 n.1 (citing Waters, 158 F.3d at 936). The only issues properly before the magistrate judge related to the relief available for Ruggirello's fraudulent misrepresentation claim, the availability of treble and exemplary damages, and the extent that attorneys' fees increased the AIC. See ECF Nos. 1, 7, 11, 14. Because Lancaster did not raise the issues advanced in his second and fourth objections until now and the Court finds no reason to consider these new arguments, the Court overrules Lancaster's second and fourth objections.

As a final matter, Ruggirello seeks sanctions under Federal Rule of Civil Procedure 11. Rule 11 imposes certain duties on unrepresented parties presenting papers to the Court, which in its sound discretion may impose sanctions for violations of those duties. *See* Fed. R. Civ. Pro. 11(b)-(c) & advisory committee's note to 1993 amendment. Ruggirello argues that by presenting a motion to strike its response, Lancaster violated his Rule 11 duties by unreasonably advancing frivolous arguments for improper purposes. ECF No. 19, PageID.404. However, no evidence shows bad intent from Lancaster; Lancaster's motion to strike is easily addressable, *see supra* note 3; and moreover, Lancaster is a pro se party in a legal system that many parties and attorneys also tend to find difficult to navigate. Accordingly, the Court declines to impose sanctions.

## IV.   Conclusion

For the reasons above, the Court **DENIES AS MOOT** Ruggirello's motion to strike (ECF No. 12), **DENIES** Lancaster's motion to strike (ECF No. 17), **OVERRULES** Lancaster's objections (ECF No. 15), and **ADOPTS** the R&R (ECF No. 14). In addition, the Court **DENIES** Ruggirello's motion for sanctions. ECF No. 19.

Accordingly, **IT IS ORDERED** that Ruggirello's motion for remand (ECF No. 7) is **GRANTED**, and this matter is **REMANDED** to the Circuit

Court for Macomb County, Michigan. Lancaster's motion to transfer venue (ECF No. 4) and motion to dismiss (ECF No. 6) are **DENIED AS MOOT**.

Dated: September 11, 2023

<u>s/ Shalina D. Kumar</u>
SHALINA D. KUMAR
United States District Judge